UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS JOHN WALKER,

                Petitioner,

     v.

SCOTT SPEER,

                Respondent.

Case No. C24-2101-JHC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Curtis John Walker is a Washington state prisoner who is currently confined at the Stafford Creek Corrections Center. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he seeks to challenge a judgment and sentence entered under King County Superior Court case number 05-1-12111-1. (*See* dkt. # 13.) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

## II.    DISCUSSION

In his petition, Petitioner asserts his right to be present was violated because, after one of his charges was invalidated, neither he nor his counsel was present for his resentencing on the

REPORT AND RECOMMENDATION - 1

1  remaining charges. (*See* dkt. # 13.) On January 3, 2025, Petitioner filed a motion to stay this
2  action because proceedings relevant to his federal habeas petition were continuing in King
3  County Superior Court. (Dkt. # 8.) On February 19, 2025, this Court issued an Order to Show
4  Cause directing Petitioner to address whether his claims had been exhausted. (Dkt. # 10 at 2-3.)
5  In response, Petitioner did not address exhaustion but instead filed an amended motion to stay
6  proceedings, again citing ongoing proceedings in King County Superior Court. (Dkt. # 12 at 1-
7  13.)

8  　　　　On April 4, 2025, this Court issued a Second Order to Show Cause in which it observed
9  that, in addition to the outstanding exhaustion issue, it was unclear whether Petitioner's petition
10 was otherwise eligible to proceed because it appeared he was no longer in custody on the
11 challenged judgment and sentence. (Dkt. # 14.) The Court explained that federal habeas corpus
12 relief is available only to a person "in custody in violation of the Constitution or laws or treaties
13 of the United States." (*Id.* at 3 (citing 28 U.S.C. § 2254(a).) The Court further explained that the
14 United States Supreme Court has interpreted this statutory language as requiring that a federal
15 habeas petitioner be "in custody" under the conviction or sentence under attack at the time the
16 petition is filed. (*Id*. (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).) Once a petitioner's
17 sentence has fully expired, he is precluded from challenging that sentence because he is no
18 longer "in custody" for purposes of federal habeas review. (*See id.* (citing *Maleng*, 490 U.S. at
19 492).)

20 　　　　The Court noted that Petitioner had stated in his petition that he was sentenced in King
21 County Superior Court case number 05-1-12111-1 in 2022, but that this date appeared to reflect
22 his resentencing after one of the charges was invalidated in 2021; his initial sentencing was
23 apparently in 2006. (*See* dkt. # 14 at 2.) The Court further noted that a review of this Court's

REPORT AND RECOMMENDATION - 2

records revealed that in 2017, Petitioner presented a federal habeas petition to this Court challenging a judgment and sentence entered in March 2012, under King County Superior Court case number 10-1-04301-9. (*Id*. at 3 (citing *Walker v. Boe*, Case No. C17-1540-RSM, dkt. # 6 at 1).) As the sentence imposed in relation to his 2012 judgment and sentence was 614 months (*see id.*), it appeared Petitioner remained in custody with respect to that judgment, and thus, that he was no longer properly deemed in custody for purposes of challenging the judgment and sentence which is the target of this action.

The Court ordered Petitioner to show cause by May 5, 2025, why this action should not be dismissed for lack of subject matter jurisdiction and/or for failure to exhaust state court remedies. (Dkt. # 14 at 4.) To date, Petitioner has not responded to the Second Order to Show Cause. Because Petitioner makes no showing that he has exhausted his state court remedies, nor any showing that he is in custody pursuant to the challenged judgment and sentence, his petition is not eligible for federal habeas review.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 13) and this action be DISMISSED without prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 7, 2025**.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner and to the Honorable John H. Chun.

Dated this 13th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4